Mandeep **SINGH**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

**Mandeep Singh, Petitioner,**

v.

**Alberto R. Gonzales, Attorney General, Respondent.**

Nos. 05–70021, 06–70642.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2007.*

Filed May 17, 2007.

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Karin J. Immergut, Esq., Leslie Jo Westphal, USPO–Office of the U.S. Attorney, Portland, OR, for Respondent.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Mandeep Singh, a native and citizen of India, petitions for review from the denial by the Board of Immigration Appeals (BIA) of his appeal of the decision of an Immigration Judge (IJ) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), and from the BIA's denial of his motion to reopen. We have jurisdiction under 8 U.S.C. §§ 1252(a)(1) and 1252(b), and we deny the petitions for review.

Because the BIA summarily affirmed the IJ, we review the IJ's decision, and the conclusion that Singh was not credible must be supported by substantial evidence. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006). The IJ must provide a specific, cogent reason for rejecting a document admitted into evidence, and the reason must bear a legitimate nexus to that rejection. *See Zahedi v. INS,* 222 F.3d 1157, 1165 (9th Cir.2000).

The IJ found that Singh's application was fraudulent and that the documents he submitted regarding his membership in a political organization and his stay in an Indian hospital were false. The IJ rejected the documents based on the testimony of an asylum officer who had investigated the hospital document in India, and a customs enforcement officer who had been involved in an immigration fraud investigation in which a defendant identified Singh's application and supporting documents as ones she had falsified. These were specific, cogent reasons for rejecting the documents. Because the documents went to the heart of Singh's claim, *see Desta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir.2004), there was substantial evidence to find him not credible and deny his application for asylum and withholding of removal and his request for relief under CAT, all of which depended directly on the facts alleged in his false application and documents.

The BIA denied Singh's motion to reopen because it was untimely. Singh argues that equitable tolling should be applied because he alleged ineffective assistance of counsel and, despite due diligence, was unable to discover his counsel's errors until he reviewed the administrative record with his new coun-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sel. *See Iturribarria v. INS*, 321 F.3d 889, 897–99 (9th Cir.2003). Even applying equitable tolling under the assumption that Singh exercised due diligence, he did not file his motion to reopen until more than 90 days after meeting with new counsel to review his file. *See* 8 C.F.R. § 1003.2(c)(2). The BIA did not abuse its discretion in denying his motion to reopen as untimely.

PETITIONS FOR REVIEW DENIED.